**ORIGINAL**

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2014 SEP -2  AM 10: 18

CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **JAMES JOSEPH SMITH** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:14-CV-00710-A** |
| | § | |
| **RANDY WATKINS, et al.,** | § | |
| **Defendants** | § | |

---

### DEFENDANT J. THOMSON'S ORIGINAL ANSWER TO
### PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

**COMES NOW** Defendant J. Thomson (hereinafter "Thomson" or "Officer Thomson"), and files his Original Answer to Plaintiff's Original Petition, and would respectfully show the Court the following:

### I.
### ANSWER

1.      Paragraph 1 of Plaintiff's Original Petition is not the type of averment to be admitted or denied.

2.      Defendant Thomson denies the first unnumbered Paragraph of Plaintiff's Original Petition, Facts Section.

3.      Defendant Thomson denies Paragraph 1 of Plaintiff's Original Petition, Facts Section.

4.      Defendant Thomson denies Paragraph 2 of Plaintiff's Original Petition, Facts Section.

---

5.      Defendant Thomson denies Paragraph 3 of Plaintiff's Original Petition, Facts Section.

6.      Defendant Thomson denies Paragraph 4 of Plaintiff's Original Petition, Facts Section.

7.      Defendant Thomson denies Paragraph 5 of Plaintiff's Original Petition, Facts Section.

8.      Defendant Thomson denies Paragraph 6 of Plaintiff's Original Petition, Facts Section.

9.      Defendant Thomson denies Paragraph 7 of Plaintiff's Original Petition, Facts Section.

10.     Defendant Thomson denies Paragraph 8 of Plaintiff's Original Petition, Facts Section.

11.     Defendant Thomson is without sufficient information to admit or deny Plaintiff's action contained in Paragraph 9 of Plaintiff's Original Petition, Facts Section, however Defendant Thomason denies that he or any other police officer violated any law.

12.     Defendant Thomson is without sufficient information or knowledge to admit or deny the averments contained in Paragraph 10 of Plaintiff's Original Petition, Facts Section, and therefore must deny.

13.     Defendant Thomson is without sufficient information to admit or deny the averments contained in Paragraph 11 of Plaintiff's Original Petition, Facts Section, and therefore must deny.

14.     Defendant Thomson is without sufficient information to admit or deny the averments contained in Paragraph 12 of Plaintiff's Original Petition, Facts Section, and therefore

must deny.

15.    Defendant Thomson is without sufficient information to admit or deny the averments contained in Paragraph 13 of Plaintiff's Original Petition, Facts Section, and therefore must deny.

16.    Defendant Thomson denies the averments contained in Paragraph 14 of Plaintiff's Original Petition.

17.    Defendant Thomson is without sufficient information to admit or deny the averments contained in Paragraph 15 of Plaintiff's Original Petition, Facts Section, and therefore must deny.

18.    Defendant Thomson denies the averments contained in Paragraph 16 of Plaintiff's Original Petition.

19.    Defendant Thomson denies the averments contained in Paragraph 17 of Plaintiff's Original Petition.

20.    Defendant Thomson denies the averments contained in Paragraph 18 of Plaintiff's Original Petition.

21.    Defendant Thomson denies the averments contained in Paragraph 19 of Plaintiff's Original Petition.

22.    Defendant Thomson denies the averments contained in Paragraph 20 of Plaintiff's Original Petition.

23.    Defendant Thomson denies the averments contained in Paragraph 21 of Plaintiff's Original Petition.

24.    Defendant Thomson denies that Plaintiff is entitled to damages as alleged in the "Wherefore" paragraph 1-7, contained in Plaintiff's Original Petition.

25.     Plaintiff's oath is not the type of averment to be admitted or denied, however Defendant denies any liability or damages as alleged in Plaintiff's Original Petition.

## II.
## AFFIRMATIVE DEFENSES

26.     Plaintiff's Original Petition has failed to state a claim upon which relief may be granted.

27.     State law claims against Defendant Thomson in his official capacity should be dismissed as claims against the City of Fort Worth pursuant to Section 101.106 of the Texas Civil Practices and Remedies Code.

28.     Defendant Thomson properly followed all federal constitutional provisions and statutes governing the subject activity.

29.     Defendant Thomson violated no duty owed to Plaintiff.

30.     Defendant Thomson is immune from liability under common law.

31.     Defendant Thomson is immune from Plaintiff's causes of action, including all common law, statutory, state, and federal claims.

32.     To the extent he has been sued in his individual capacity, Defendant Thomson is entitled to immunity from this suit and from any and all claims of liability or damages pursuant to the doctrines of qualified and official immunity.  At all times relevant, Defendant Thomson was a public official, performing discretionary functions within the course and scope of his authority, and his actions were objectively reasonable, and did not violate of any of Plaintiff's clearly established statutory or constitutional rights.

33.     To the extent that he was sued in his official capacity, Defendant Thomson is entitled to sovereign immunity.  An action against Defendant Thomson in his official capacity is

tantamount to an action against his governmental entity, the City of Fort Worth. The City of Fort Worth is a Texas home rule-municipality. Moreover, to the extent Defendant has been sued in his official capacity, and without waiving any of the foregoing, Defendant specifically pleads, and incorporates herein by reference, the provisions of TEX. CONST. art. 11, § 13, and the provisions of the Texas Tort Claims Act. § 101.001, *et seq.*, TEX. CIV. PRAC. & REM. CODE. Defendant Thomson specifically states his intention to rely on such provisions of the Constitution and to further rely on each and every provision of the Texas Tort Claims Act in this matter, including, but not limited to, each and every defense, notice requirement, time limit, maximum liability limit, exclusion from liability, and prerequisite to suit provided in such Act. Further, Defendant Thomson requests that, in the unlikely event judgment is entered against him in this case, he be given appropriate credit against his statutory maximum liability limit for all settlement amounts, if any, that he has paid arising out of the incident made the basis of this suit. Defendant Thomson reserves the right to offer evidence concerning any such settlements.

34.     To the extent Defendant Thomson has been sued in both his individual and official capacities for claims under the Texas Tort Claims Act, Chapter 101 of the Texas Civil Practice & Remedies Code, Plaintiff's claims are limited by the provisions of TEX. CIV. PRAC. & REM. CODE § 101.106.

35.     To the extent Defendant Thomson may be found liable, he pleads all rights to indemnity and limitations on liability and damages contained in the Texas Civil Practice and Remedies Code, including in Chapters 101-108 thereof, or pursuant to any other state or federal, statutory or common law.

36.     Defendant Thomson was legally justified in all actions related to Plaintiff's claims.

37.    Plaintiff was the proximate, producing, sole and/or contributory cause of his own damages, if any.   Defendant Thomson additionally invokes the doctrine of comparative causation.

## III.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant J. Thomson prays that this proceeding be dismissed, that Plaintiff take nothing by this suit, and that Defendant be granted such other and further relief, both general and special, at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

**LAETITIA COLEMAN BROWN**
Sr. Assistant City Attorney
State Bar No. 00792417
*Laetitia.Brown@FortWorthTexas.gov*

**BRANDON W. CARR**
Assistant City Attorney I
State Bar No. 24074004
*Brandon.carr@fortworthtexas.gov*

1000 Throckmorton Street
Fort Worth, Texas 76102
Tel: 817-392-7600 / Fax:  817-392-8359

*Attorneys for Defendant J. Thomson*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was sent to the

undersigned in accordance with the Texas Rules of Civil Procedure on this 2nd day of September,

2014:

*Via First Class Mail & Certified Mail – Return Receipt Requested*
James Joseph Smith – **CM/RRR No. 7013 2630 0002 1582 4844**
833 Hallvale Drive
Fort Worth, Texas  76108
*Plaintiff Pro Se*

*Via First Class Mail & Certified Mail – Return Receipt Requested*
James Joseph Smith, Register No. 47797-177 – **CM/RRR No. 7013 2630 0002 1582 4851**
Federal Correctional Institute
3150 Horton Road
Fort Worth, Texas  76119
*Plaintiff Pro Se*

John S. Polzer
jpolzer@canteyhanger.com
T. Derek Carson
dcarson@canteyhanger.com
CANTEY HANGER LLP
600 West 6th Street, Suite 300
Fort Worth, Texas  76102
*Attorneys for Defendants Saad, Curtis and Fleury*

LAETITIA COLEMAN BROWN