U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP - 2 2014

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JAMES JOSEPH SMITH,                    §
                                       §
            Plaintiff,                 §
                                       §
VS.                                    §    NO. 4:14-CV-710-A
                                       §
RANDY WATKINS, ET AL.,                 §
                                       §
            Defendants.                §

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

The above-captioned action was filed in the District Court of Tarrant County, Texas, 348th Judicial District, on August 1, 2014, by Christopher Robert Weast ("Weast")[1], using the alias James Joseph Smith.  It was removed to this court by notice of removal filed August 27, 2014, by Angela Saad ("Saad"), Christopher Curtis ("Curtis"), and Peter Fleury ("Fleury").[2]

The court has concluded that the action should be dismissed because it is frivolous and malicious as those terms are used in 28 U.S.C. § 1915A(b)(1).

---

[1]As originally prepared in typewritten form, the plaintiff was identified as "Chris Robert" in the style and by the name "Robert" or "Chris Robert" throughout the body of the pleading.  As filed, the name Chris Robert was marked through in the style and throughout the body and the name Robert was marked through throughout the body, and by handwritten interlineation "James Joseph Smith" replaced the name Chris Robert each time it appeared in the pleading and the name "Smith" replaced the name Robert each time it appeared in the pleading.  The pleading is unsigned.  Below the line for a signature on the last page of the pleading the name Chris Robert appears in typewritten form, but has been marked through and replaced by the handwritten name "James Joseph Smith."

[2]The court considers that Saad is the only removing party because she is the only named defendant.  Apparently Curtis and Fleury joined in the notice of removal because Weast, for some inexplicable reason, arranged for them to be served with process.

I.

## Weast's Criminal Conviction

Weast is a defendant in a criminal case pending before this court in which he was found guilty by a jury on July 29, 2014, of two child pornography offenses.  He currently is in federal custody awaiting sentencing, which is scheduled to be conducted on November 14, 2014.

II.

## Weast's Pleading

A.   ## Defendants Named by Weast

The defendants named in Weast's pleading are:

Randy Watkins, a detective with the Fort Worth Police Department who played a role in the investigation that developed the facts that led to Weast's conviction of the child pornography offenses, played a role in execution of a search warrant through which the child pornography in Weast's possession was found, and testified as a witness at Weast's criminal trial;

J. Thomson, a detective with the Fort Worth Police Department who participated in the execution of the search warrant;

S. Murray, a detective with the Fort Worth Police Department who participated in the execution of the search

warrant and who testified as a witness at Weast's criminal trial;

Simon Gonzalez, the official who, according to the allegations, issued the search warrant;

D.J. Scott, and M. King, each of whom, according to the allegations, is a law enforcement officer who participated in the arrest, by execution of an arrest warrant, of Weast once he was charged with child pornography offenses;

Aisha Saleem ("Saleem"), an Assistant United States Attorney, who was the prosecutor in Weast's criminal case;

Jeffrey Cureton, the United States Magistrate Judge who handled preliminary proceedings in the child pornography criminal case against Weast, and upon referral from United States District Judge Terry Means handled other pretrial matters in the criminal case;

Terry Means, the United States District Judge who presided over the criminal case against Weast from the time it was initiated in mid-February 2014 until the case was transferred to the undersigned on May 22, 2014;

The undersigned, the United States District Judge who has been presiding over Weast's criminal case since it was transferred to the undersigned on May 22, 2014;

Saad, an Assistant Federal Public Defender in the Office of the Federal Public Defender for the Northern District of Texas who has provided representation to Weast in his criminal case, first as the assigned assistant when Judge Cureton appointed the Federal Public Defender to represent Weast, and again when the undersigned reappointed the Federal Public Defender to represent Weast.

B.    Nature of Weast's Claims

Weast's alleged complaints against each defendant relate to that defendant's participation in the investigation, prosecution, or adjudication of the criminal conduct of which the jury found Weast guilty on July 29, 2014.

C.    Relief Sought by Weast

As relief, Weast seeks by his pleading an order terminating his confinement at the federal corrections institution located in Fort Worth and terminating all proceedings against him; dismissal of all warrants, petitions, and orders related to him; general damages of ten million dollars, special damages of one million dollars, treble damages of seven million dollars, and costs and all reasonable attorney's fees at trial and in the appellate courts, together with all costs of investigation and litigation reasonably incurred by Weast.

4

III.

### Section 1915A Screening

Title 28 U.S.C. § 1915A(a) directs that in a case such as this "[t]he court shall review . . . as soon as practicable after docketing[] a complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a government entity." Section 1915A(b) provides that "[o]n review, the court shall     . . . dismiss the complaint . . . if the complaint . . . is frivolous, malicious."

IV.

### Weast's Claims are Frivolous

A complaint is frivolous if it lacks an arguable basis in either law or fact. Boyd v. Biggers, 31 F.3d 279, 281 (5th Cir. 1994). "A complaint is legally frivolous if it is premised on an indisputably meritless legal theory." Id. at 281-82 (internal quotation marks omitted). Having conducted the required review, the court has concluded that all claims and causes of action Weast purports to assert in his pleading are frivolous.

All claims and causes of action Weast purports to assert against Judge Means, Judge Cureton, the undersigned, and Saleem are barred by the doctrine of absolute immunity. Id. at 284-85; see also Graves v. Hampton, 1 F.3d 315, 317-18 (5th Cir. 1993).

All of Weast's purported claims and causes of action are barred by the principles announced by the Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994), in which the Supreme Court explained:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87.[3]

The purported claims and causes of action asserted by Weast would, if successful, necessarily imply the invalidity of his

---

[3] Heck can be distinguished from Weast's lawsuit because Heck involved a § 1983 plaintiff. Here, Weast's purported claims are not under § 1983 but probably would best be characterized as claims brought under the authority of Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). The Fifth Circuit has held that "a federal prisoner's Bivens type action which implicated his conviction should parallel the analysis used to evaluate state prisoner's § 1983 claims." Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994) (internal quotation marks omitted).

conviction for child pornography offenses.   Therefore, he cannot

proceed in the instant action.[4]

V.

### Weast's Claims Are Malicious

Not only is the instant action frivolous, but it is

malicious within the meaning of § 1915A(b)(1).   The filing of

this action by Weast was an intentional, wrongful act done

willfully and intentionally without legal justification or

excuse.   It is but a continuation of a course of conduct of Weast

to obstruct the progress of the criminal case against him by,

among other activities, harassment and attempted intimidation of

everyone involved in the investigation, prosecution, or other

handling of the criminal case.   By way of examples:

Weast twice filed in his criminal case what he

characterized as a counterclaim against Saleem.

This is the second civil action Weast has filed against

the undersigned and Saleem.   The first was filed in the

District Court of Tarrant County, Texas, 96th Judicial

District, on June 10, 2014.   That action was removed by

---

[4]On the date of the signing of this memorandum opinion and order one of the named defendants, J. Thomson, filed his eight-page answer to Weast's pleading in which he alleged twelve affirmative defenses. The court does not mean to suggest by anything said in this memorandum opinion and order that other defenses are not legally available in response to Weast's purported claims and causes of action. For the sake of brevity, the court has limited its discussions in this memorandum opinion and order to the defenses of absolute immunity and Heck, both of which are apparent from the face of Weast's pleading.

Saleem to this court, when it was randomly assigned to the undersigned. The action was dismissed by the court, acting through the undersigned, on August 12, 2014.

The understanding of the court is that Weast has filed grievances with the State Bar of Texas against Saad, Curtis, and Fleury, which were promptly dismissed.

The papers in Weast's criminal case disclose that Weast has aggressively sought to disrupt his criminal proceedings. The court adopts by reference the order signed July 15, 2014, in Weast's criminal case as a demonstration of the extent to which Weast has engaged in disruptive, harassing, and intimidating behavior in an effort to derail his criminal prosecution. Case No. 4:14-CR-023-A, July 15, 2014 Order (Doc. 125). The court also adopts by reference as further demonstrating the intent and goal of Weast in his ongoing legal actions against those involved in his criminal case the order the court signed July 23, 2014. Id., July 23, 2014 Order (Doc. 161).

As the July 15 and July 23, 2014 orders in Weast's criminal case disclose, a part of Weast's disruptive conduct has been the repeated filings by Weast in his criminal case under various

names[5] of handwritten documents that cannot have had any possible goal other than to disrupt the criminal proceeding and harass or intimidate those involved.  The July 15 and July 23, 2014 orders provide a general description of Weast's filings through July 22, 2014.  Since that date, Weast has made twenty-six more filings of a similar nature in his criminal case.

For the reasons stated above, the court is dismissing the above-captioned action in its entirety.

VI.

Recusal Would Not Be Appropriate

A final matter to consider is the request in the notice of removal that the clerk's office assign the removed case to Judge O'Connor inasmuch as the undersigned, Judge Means, and Judge Cureton are named as defendants.  The clerk of court quite properly did not abide by that request, but, instead, complied with the court's routine case assignment procedures by making a random assignment that caused the case to end up on the undersigned's docket.

The undersigned has considered whether there is any reason why the undersigned should recuse in this action.  In reaching

---

[5]Names Weast has used in his handwritten filings in his criminal case are "Christopher Robert Weast," "Chris Weast," "Chris Robert," "James Joseph Smith," "James Joseph," "James," and, most recently, "James Ali."

the decision not to recuse, the undersigned is mindful of the principle that "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." United States v. Cooley, 1 F.3d 985, 994 (10th Cir. 1993) (internal quotation marks omitted).

Also, the undersigned is giving effect to the principles that: "absolute immunity is properly viewed as immunity from suit rather than a mere defense to liability," Boyd, 31 F.3d at 284 (internal quotation marks and emphasis omitted); "immunity [is] a threshold question, to be resolved as early in the proceedings as possible"; and "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damage action," id. (internal quotation marks omitted).

In Graves, the Fifth Circuit held that "[a] claim is based upon an indisputably meritless legal theory if the defendants are immune from suit." 1 F.3d at 317. Thus, as a matter of law, the undersigned should not be a defendant in this lawsuit, and the decision of the undersigned not to recuse cannot have any legal bearing on the undersigned's potential liability inasmuch as it is indisputable that there is no potential that the undersigned has any liability. The ruling of the court as to the other defendants has not been influenced by the fact that the

10

undersigned is named as a defendant.   If the undersigned were to recuse, as a matter of law the rulings of the replacement judge would have to be the same as the undersigned's.

If the undersigned were to recuse, judicial resources would be wasted by the reassignment of this action to another judge. This undoubtedly would serve as something of a reward to Weast for his inappropriate litigation conduct.   The Fifth Circuit has made clear that a judge is not disqualified because a litigant sues the judge.   See Matter of Hipp, Inc., 5 F.3d 109, 116 (5th Cir. 1993); see also Olsen v. Wainwright, 565 F.2d 906, 907 (5th Cir. 1978); United States v. Grismore, 564 F.2d 929, 933 (5th Cir. 1977) (stating that "[a] judge is not disqualified merely because a litigant sues or threatens to sue him").

## VII.

### ORDER

Consistent with the foregoing,

The court ORDERS that the above-captioned action, and all claims and causes of action that purport to be asserted therein by Weast, be, and are hereby, dismissed.

SIGNED September 2, 2014.

JOHN McBRYDE
United States District Judge

11